## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION - LAW

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| Plaintiff, | : | |
| v. | : | No. |
| CASPER JACKSON | : | |
| and | : | |
| C JACKSON AUTOMOTIVE SERVICES LLC | : | |
| Defendants. | : | |

### COMPLAINT

Plaintiff, AAMCO Transmissions, Inc. ("ATI" or "Plaintiff"), by and through its undersigned counsel, hereby complains against Defendants, Casper Jackson ("Jackson" or "Defendant") and C Jackson Automotive Services LLC ("Jackson Automotive" or "Defendant"), as follows:

1.     Plaintiff, ATI, is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.     Defendant Casper is an adult individual who maintains a principal place of business at 14319 Plank Road, Baker, Louisiana 70714.

3.     Defendant Jackson Automotive is a limited liability company of the State of Louisiana and maintains a principal place of business at 14319 Plank Road, Baker, Louisiana 70714.

4.     This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein.  This Court also has diversity jurisdiction pursuant to

28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

5.    Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendants have transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

6.    Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the "AAMCO" and other associated marks which are registered on the principal register of the United States Patent and Trademark office.

7.    ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission and general automotive repair centers throughout the United States and Canada. There are approximately 800 AAMCO locations licensed or franchised by ATI to operate transmission repair centers under the "AAMCO" trade name and trademark.

8.    The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission and general automotive repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

9.    Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long

established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

10.    ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith.  To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

11.    On December 14, 2007, ATI and Defendants entered into a franchise agreement, pursuant to which Defendants were authorized to use the name and mark "AAMCO" in connection with the operation of an AAMCO Transmission Center located at 14319 Plank Road, Baker, Louisiana 70714 (the "Center").  A true and correct copy of the said franchise agreement (the "Franchise Agreement") is attached hereto and made a part hereof at Exhibit "A".

12.    In accordance with the Franchise Agreement, AAMCO provided Defendants with specialized training and knowledge of AAMCO's trade secrets and proprietary system of doing business.

13.    In accordance with the Franchise Agreement, AAMCO granted Defendants the limited contractual right to use the AAMCO name and trademarks in connection with the operation of the Center.

14.    Using ATI's trademarks, training, assistance, and knowledge Defendants operated the Center under the AAMCO name.

15.    In consideration for the services provided by AAMCO under the Franchise Agreement, Defendants were required to pay ATI a continuing franchise fee of seven and one

half percent (7 ½ %) of the gross business transacted at the Center as well as certain other fees and charges.

16.    Each week, Defendants were required to submit to ATI accurate weekly business reports documenting the Center's sales and the amounts collected. Defendant's weekly business reports are used to calculate the weekly franchise fees due.

17.    ATI is contractually entitled to audit Defendants' franchise business pursuant to Section 8 of the Franchise Agreement which provides that Defendants shall:

> ...permit AAMCO during business hours to inspect the premises of the Center, confer with Franchisee and Franchisee's employees and customers, check equipment and inventories, methods, books and records, and perform any other inspection deemed by AAMCO to be necessary to determine the nature, quality and uniformity of service rendered at the Center in order to protect the System and to determine Franchisee's performance under this Agreement. Franchisee specifically agrees that neither Franchisee's physical presence in the Center nor specific consent to any such inspection shall be necessary;

*See* Franchise Agreement, § 8(m), Ex.s "A."

18.    The Franchise Agreement further provides that Defendants shall:

> maintain a system of bookkeeping and recordkeeping as requested by AAMCO, keep the Center's books and records at the Center at all times and make them available during business hours to authorized representatives of AAMCO for the purpose of verifying the accuracy of Franchisee's business and financial reports. If such verification reveals that the gross receipts reported by Franchisee to AAMCO are more than two percent (2%) less than Franchisee's actual gross receipts, Franchisee agrees to reimburse AAMCO for all expenses connected with such verification, including, but not limited to, reasonable administrative, accounting and legal fees, and without limitation to any other rights and remedies AAMCO in its sole discretion, may elect to pursue. Franchisee shall pay to AAMCO immediately any deficient and delinquent franchise fees, together with interest at the rate of eighteen percent (18%) per annum calculated from the date when franchise fees should have been paid to the date of actual payment. Franchisee further acknowledges and agrees that the actual damages sustained by AAMCO in the event of underreporting of gross receipts are difficult to ascertain and that in addition to the fees,

interest and expenses stated above, Franchisee shall also pay AAMCO liquidated damages in an amount equal to three times franchise fees due plus interest as calculated above. These liquidated damages shall be in addition to any other remedies AAMCO may have.

*See* Franchise Agreement, § 8(o), Ex.s "A."

19.    Commencing on March 8, 2011 and proceeding through December of 2011, ATI conducted an ongoing audit of the Center.

20.    The audit revealed numerous irregularities including the use of unauthorized repair receipts and documentation indicating approximately 750 automobile repair transactions that should have been reported to ATI but were not reported to ATI, all of which resulted in the underpayment of franchise fees to ATI.

21.    Before ATI could complete its audit of the Defendants' franchise business, the Franchise Agreement was terminated for cause. Nevertheless, based on information collected prior to the termination, ATI estimates that Defendants intentionally failed to report sales and pay corresponding franchise fees to ATI totaling $27,562.50, which amount is subject to interest and liquidated damages under section 8(o) of the Franchise Agreement.

22.    In addition to underreporting sales at the Center, Defendants during this time period failed and refused to pay franchise fees due on reported sales.

23.    In a letter dated December 6, 2011, ATI notified Defendants that they were in breach of contract by virtue of their failure to pay sums due and owing to ATI under the Franchise Agreement. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "B".[1]

---

[1] Because the audit was not completed at this time, the amounts set forth in the demand letter did not include the franchise fees due on fraudulently withheld Center sales.

24.   The Defendants did not cure their payment failures as requested in the default letter.

25.   In a letter dated December 22, 2011, after giving prior written notice and an opportunity to cure, ATI terminated the Franchise Agreement and demanded that Defendants comply with their post termination obligations under the Franchise Agreement.  A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

26.   Section 19.2(a) of the Franchise Agreement provides that, upon termination of the Franchise Agreement for any reason, Defendants shall:

(1)  promptly pay AAMCO all amounts due and owing under this Agreement;

(2)  immediately and permanently discontinue the use of all AAMCO names and marks, signs, structures, all forms of advertising, telephone listings and service, manuals, software and all materials and products of any kind which are identified or associated with the System or AAMCO and return all such materials and products, including without limitation, the Operator's Manual, to AAMCO;

(3)  thereafter make no representations or statements for commercial benefit that Franchisee is or ever was in any way approved, endorsed, associated or identified with AAMCO or the System in any manner whatsoever or that Franchisee is a former AAMCO franchisee; provided, however, Franchisee shall reimburse AAMCO for all customer warranty repairs made within an applicable warranty period arising from work performed at the Center;

(4)  immediately take all steps necessary to amend or terminate any registration or filing of any fictitious name or any other registration or filing containing the AAMCO names and marks in order to effectuate the removal of the AAMCO names and marks from such registration or filing

*See* Franchise Agreement, § 19.2, Ex. "A" attached hereto.

27.   Section 20 also provides in pertinent part as follows:

Franchisee represents and warrants...[f]or a period of two (2) years after the termination of this Agreement for any reason, which two-year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 20, Franchisee shall not...within a radius of ten (10) miles of Franchisee's former Center and ten (10) miles of any other Center in operation at the time of termination or any Center that has commenced operation during the two-year period, begin or engage in any business the same as, similar to or in competition with such Center, except for a business previously approved by AAMCO pursuant to section 8(e).

*Id.* at § 20.

28.     Despite the termination of their franchise and any further authority to continue in the automotive repair business under the use of the AAMCO name, Defendants have refused to take the actions required by Sections 19.2 or 20 of the Franchise Agreement. Specifically, Defendants refuse to cease use of the AAMCO marks, telephone listings and systems, and, instead, have continued to operate a competing automotive repair business at the former Center location, use the AAMCO advertised telephone number, hold themselves out to be an authorized ATI franchisee, and use the AAMCO trade name and trademark, without any license or right whatsoever.

29.     Defendants' continued operation of a competing automotive repair business at the former Center location is in violation of Section 20 of the Franchise Agreement.

30.     Defendants' refusal to turn over to ATI the telephone number, (225) 775-1117, and any other telephone number(s) which link to former and current advertising for "AAMCO Transmission" is a violation of Sections 15 and 19 of the Franchise Agreement, as well as the Telephone Number Use Agreement attached to the Franchise Agreement. *See* Ex. "A".

31.     Defendants further have failed and refused to pay ATI all amounts due and owing under the Franchise Agreement.

## COUNT I
## TRADEMARK INFRINGEMENT

32.    ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 31 above.

33.    Defendants have willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement.

34.    Defendants continue to hold themselves out to the public as an authorized "AAMCO Transmission Center," which they are not.

35.    Unless Defendants are enjoined, ATI believes and therefore avers that they will continue their infringing use of the AAMCO trade name and trademarks.

36.    Unless Defendants are enjoined, their continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

37.    Defendants' continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

38.    The actions and conduct of Defendants as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

39.    The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendants are irreparable and continuing, and ATI has no adequate remedy at law.

40.    Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

41.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendants' profits from the Center for the period since December 22, 2011, during which they have engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II
## BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE

42.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 41 above.

43.     As a result of the termination of Defendants' franchise, ATI is also entitled to specific performance of Section 19.2 of the Franchise Agreement, which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

44.     ATI is also entitled to specific performance of Section 15 of the Franchise Agreement and the Telephone Number Use Agreement attached to the Franchise Agreement, which requires Defendant to transfer to ATI the telephone numbers listed under the AAMCO name.

45.     ATI is also entitled to specific performance of Section 20 of the Franchise Agreement which provides that, for a period of two (2) years, Defendants shall not, directly or indirectly, engage in the automotive repair business within a radius of 10 miles of the Center location or any other AAMCO Transmission Center.

46.     Although Defendants' franchise has been terminated, Defendants continue to operate an automotive repair business using AAMCO advertising at the former Center location in

violation of the covenant not-to-compete and in violation of ATI's trademark rights as stated in Count I above.

     47.    By refusing to honor the procedures after termination stated in the Franchise Agreement and the attached Telephone Number Use Agreement, Defendants have misappropriated the goodwill generated under the AAMCO name causing ATI irreparable harm.

     48.    Defendants' failure to honor the procedures after termination interfere with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, causing ATI irreparable harm.

     49.    ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination, including the covenant not-to-compete, is ordered and injunctive relief granted to restrain Defendants' unlawful conduct, ATI will continue to suffer irreparable harm.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

     50.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 49 above.

     51.    Defendants' conduct is in violation of the common law of unfair competition in that they are:

> (a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with their conduct of business;
>
> (b) Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of their conduct of business; and,
>
> (c) Representing to the public that the business continues to operate as an AAMCO Transmission Center with ATI's approval, which it does not.

52.     These acts by Defendants have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services; and with the intention of deceiving and misleading the public.

53.     Defendants' unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

54.     ATI is without an adequate remedy at law.

## COUNT IV
## BREACH OF CONTRACT – MONEY DAMAGES

55.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 54 above.

56.     Pursuant to the Franchise Agreement, Defendants were required to pay to ATI seven and one half percent (7 ½ %) of the gross receipts of the Center for the preceding week.

57.     Pursuant to the Franchise Agreement, Defendants were to pay ATI a proportionate share of the cost of creating certain advertising, including internet advertising, in accordance with formulas provided by the AAMCO National Creative Committee.

58.     As an additional service under the Franchise Agreement, ATI provides Defendants with the opportunity to buy certain parts, equipment and supplies through its "Parts Department" on credit.  Defendants have availed themselves of this service.

59.     Pursuant to the Franchise Agreement, Defendants were required to honor AAMCO warranty procedures with respect to warranties issued by Defendants to customers.

60.     Pursuant to the Franchise Agreement, ATI is also entitled to interest on all amounts due and owing under the said agreement in the amount of 18% per annum, as well as the costs and attorneys' fees in pursuing collection.

61.     Defendants have an unpaid balance that has accrued under the Franchise

Agreement, which balance remains due and owing to ATI, and is comprised as follows:

| | | |
|---|---|---:|
| Parts Account | $ | 1,404.97 |
| Recoverable Expenses | | 6,579.08 |
| Intershop (warranty) | | 645.45 |
| Franchise Fees | | |
| Reported | | 30,915.46 |
| Estimated[2] | | 930.52 |
| National Creative Adv. | | 3,450.00 |
| Telephone | | 42.87 |
| FOCUS | | 1,502.26 |
| Internet advertising | | 3,038.65 |
| Interest | | 13,258.52 |
| | $ | 61,767.78 |

62.     ATI has incurred and continues to incur attorneys' fees and costs in enforcing the

Franchise Agreement.

63.     Despite ATI's demands, Defendants have failed and refused, and continue to fail

and refuse, to pay the monies due and outstanding to ATI.

## COUNT V – FRAUD AND DECEIT

64.     ATI hereby incorporates by reference, as if fully set forth, the allegations

contained in paragraphs 1 through 63 above.

65.     Defendants had a duty to provide true and correct weekly business reports to ATI

and pay to ATI the corresponding license fees due thereon.

66.     Defendants knowingly submitted understated weekly business reports to ATI and

knowingly underpaid franchise fees due and owing to ATI with the hope and intent that ATI

---

[2] Defendants have failed to remit two (2) weekly business reports for the weeks ending 12/10/11 and 12/24/11, along with the applicable franchise fees. Accordingly, the franchise fees due and owing for these two (2) business reports have been estimated. This estimated amount does **not** include franchise fees due on fraudulently withheld sales which franchise fees are addressed and included in Count V hereof.

would rely on the understated business report as being accurate and accept the underpayment of franchise fees as full payment, which ATI did.

67.    ATI relied on Defendants' understated business reports to its detriment and loss.

68.    ATI has been damaged as a result of Defendants' wrongful conduct in that ATI has been underpaid the license fees due and owing it under the Franchise Agreement in an amount to be determined but estimated to be approximately $27,562.50, which amount is subject to interest and liquidated damages under section 8(o) of the Franchise Agreement.

69.    Defendants' wrongful conduct was intentional and egregious, and as such, Defendant should also be liable for punitive damages.

## COUNT VI
## BREACH OF CONTRACT - ACCOUNTING

70.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 69 above.

71.    Defendants have fraudulently withheld sales performed at the former Center to avoid paying the corresponding franchise fees.

72.    Defendants have maintained exclusive control and possession of the former Center's books and accountings including documentation of those transactions which Defendants fraudulently withheld from ATI .

73.    Pursuant to Section 8(o) of the Franchise Agreement, Defendants have agreed to account to ATI all sales performed at the former Center.

74.    Despite demands to account for sales and pay the rightful amount of franchise fees due and owing ATI, Defendants have refused and continue to refuse to account to ATI.

## COUNT VII – COSTS AND ATTORNEYS' FEES

75.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 74 above.

76.    Pursuant to Section 17 of the Franchise Agreement, Defendants agreed to pay all costs incurred by Plaintiff in collecting money owed under the Franchise Agreement, including attorneys' fees.

77.    Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

78.    Plaintiff ATI has incurred and continues to incur costs and attorneys fees in the pursuit of this action.

## COUNT VIII – DECLARATORY JUDGMENT

79.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 78 above.

80.    Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, formation, operation and termination of the Franchise Agreement.

81.    A dispute exists between Plaintiff and Defendants as to whether (a) ATI performed all of its obligations under the Franchise Agreement, (b) Defendants defaulted under the Franchise Agreement, and (c) the Franchise Agreement was properly terminated by ATI.

82.    Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants.

83.     Plaintiff has properly determined that Defendants were in violation of the Franchise Agreement as they have, <u>inter alia</u>, failed to report sales and pay franchise fees due and owing Plaintiff.

84.     Plaintiff properly terminated the Franchise Agreement.

<u>RELIEF SOUGHT</u>

WHEREFORE, based on the forgoing causes of action, ATI requests the Court to order the following relief:

A.     That Defendants, their respective officers, agents, servants, employees and those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

      i.     using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

      ii.     advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and

      iii.     doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Defendants or any business with which they are associated originate with ATI or are endorsed or sponsored by ATI.

B.     That Defendants deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, printed matter and advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks.

C.     That Defendants transfer to ATI or at ATI's direction, each telephone number listed by them under the designation "AAMCO Transmission" or any similar designation,

specifically including (225) 775-1117, and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if they shall fail to do so, that counsel for ATI be designated by the Court as their attorney-in-fact to execute such documents in their name and in their place.

D.    That Defendants provide an accounting to the Court pursuant to 15 U.S.C.A. §1117(a), of their profits at the Center after December 22, 2011, and that these profits be awarded to ATI, along with all other damages for Defendants' violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

E.    That Defendants honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate an automotive repair center for two (2) years at or within ten (10) miles of the location of the former Center location or any other AAMCO Transmission Center.

F.    That Defendants file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendants to comply herewith.

G.    That the Court enter a money judgment in favor of ATI and against Defendants for breach of contract damages in the sum of sixty one thousand seven hundred sixty seven dollars and seventy eight cents ($61,767.78) plus interest at 18% and punitive damages.

H.    That a money judgment be entered in favor of ATI and against Defendants for fraud in a sum to be determined but estimated to be not less than fifty five thousand one hundred twenty five dollars ($55,125.00) plus interest at 18% and punitive damages.

I.    That Defendants provide an accounting to the Court of their sales at the Center prior to  December 22, 2011, and that franchise fees on all unreported sales be awarded to ATI

along with liquidated damages and interest as provided at Section 8(o) of the Franchise

Agreement.

     J.    A Declaratory Judgment be entered in Plaintiff's favor finding that:

          i.    Plaintiff has performed all of its obligations under the Franchise
              Agreement and has not negligently or willfully caused any damage to
              Defendants;

          ii.    Defendants materially breached the Franchise Agreement; and

          iii.    Plaintiff properly terminated the Franchise Agreement.

     K.    That ATI be awarded its reasonable attorneys' fees, costs of court and all other

and further relief to which it may be entitled.

Date 2/1/12

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900